**Christina Stephenson, OSB No. 102287**
christina@stephensonlawpdx.com
**Alina M. Salo, OSB No. 164746**
alina@stephensonlawpdx.com
STEPHENSON LAW, LLC
2501 SW First Ave., Suite 230
Portland, OR 97201
Phone: (503) 610-9225
Fax:    (503) 512-5022

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LISA WALD**, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT (Unlawful Employment Practices)** |
| **LANE COMMUNITY COLLEGE**, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Lisa Wald, by and through undersigned counsel, makes the following complaint

against her employer, Lane Community College ("LCC") alleging as follows:

**1 | Complaint**

## NATURE OF THE ACTION

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees to redress injuries done to her by Lane Community College and Mark Gregory in contravention of her rights under 29 U.S.C. §§ 791 *et seq.*, 29 U.S.C. §§ 2601 *et seq.*, 42 U.S.C. §§ 12101 *et seq.*, and 42 U.S.C. § 1983, and her state protected rights under Oregon Revised Statutes 659A.030(1)(f), 659A.109, 659A.112, 659A.183, 659A.199, and 659A.203 and under Oregon common law.

## JURISDICTIONAL ALLEGATIONS

2.

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff sent Defendant timely notice of Plaintiff's intent to sue pursuant to ORS 30.275 on April 4, 2018.

5.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

Plaintiff has been issued a notice of right to sue from BOLI and has timely filed this matter

within the time limits set forth in the notice of right to sue.  Plaintiff has therefore exhausted

administrative procedures.

### FACTUAL ALLEGATIONS

6.

Plaintiff is a resident of Lane County, Oregon.

7.

Defendant Lane Community College (hereafter "LCC") is a public community college

pursuant to ORS 341.005, located in Eugene, Oregon.  LCC is liable for the tortious conduct of

its agents and employees pursuant to ORS 30.265(1).  LCC is a "public employer" for purposes

of ORS 659A.203 and is a "person" and an "employer" as defined by ORS 659A.001. LCC is an

employer for purposes of the Americans with Disabilities Act and the Family Medical Leave

Act.  At all material times, LCC maintained its principal place of business in Lane County, and

conducted regular and sustained business activities in Lane County.

8.

At all material times, Plaintiff was supervised by LCC employees or agents and Plaintiff

relied on the actual or apparent authority of LCC employees, supervisors and management.

9.

Mark Gregory is a natural person and, as Director of the Oregon Small Business

Development Center Network (OSBDCN), acted as a supervisor of Plaintiff in the course of her

employment with LCC. Mr. Gregory was at all material times an authorized agent of and/or

employed by LCC and was in substantial part acting within the course and scope of such agency

and/or employment. At all material times, Mr. Gregory was motivated, at least in part, by a

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

purpose to serve LCC. At all material times, Mr. Gregory was a person acting under color of state law in his actions.

10.

John Downing is a natural person and, as Associate Director of OSBDCN, acted as a supervisor of Plaintiff in the course of his employment with LCC.  Mr. Downing was at all material times an authorized agent of and/or employed by LCC and was in substantial part acting within the course and scope of such agency and/or employment. At all material times, Mr. Downing was motivated, at least in part, by a purpose to serve LCC. Mr. Gregory is liable for discriminatory conduct by Mr. Downing because he knew about the violations and failed to stop them.

11.

Plaintiff began her employment with LCC in or around 2001.  She has been the Grants and Contracts Director for OSBDCN, a program of LCC, and a Project Coordinator for LCC for over 17 years.  During that time, she was an exemplary employee – she has a spotless performance and leadership record with LCC and OSBDCN.

12.

In 2016, John Downing was hired as Associate Director of OSBDCN.  Plaintiff began experiencing difficulties with Mr. Downing almost immediately.

13.

In or around September 2016, Plaintiff recommended to Mr. Downing that he attend a budget training workshop to learn more about the legal regulations governing the budget.  After this incident, Mr. Downing began targeting Plaintiff with hostile and retaliatory conduct.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

14.

In or around October 2016, Plaintiff was informed by a co-worker that Mr. Downing had asked the co-worker to investigate Plaintiff's private affairs.  When the co-worker refused, Mr. Downing used other means to initiate an investigation into Plaintiff.

15.

In or around October 2016, Plaintiff became aware that Mr. Downing was making surreptitious audio recordings of OSBDC staff activities.

16.

Plaintiff experienced regular subtle acts of hostility at the hands of Mr. Downing, including glares, raised voice, and aggressive posture.

17.

Mr. Downing is large man with an intimidating physical manner and presence. He frequently spoke about his use of and enjoyment of firearms.  Sometime prior to November 2016, Plaintiff became aware that Mr. Downing sometimes carried a concealed weapon to work with him.

18.

On or around November 4, 2016, Plaintiff reported to Mr. Gregory her concerns about Mr. Downing's hostility towards her and his abuse of power and invasion of her privacy.

19.

On or around November 11, 2016, Plaintiff reported Mr. Downing's conduct to the LCC Human Resources department.  She complained about his investigations into her private affairs, his surreptitious audio recordings, and his carrying a concealed weapon to work with him.  Each of these issues she considered to be evidence of Mr. Downing's unlawful conduct.  She also

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

complained that he was not competent in his position and concerns he was requiring other staff to complete his work for him.

20.

On or around November 16, 2016, immediately following Plaintiff's complaint to HR, some of Plaintiff's responsibilities were removed, including her long-standing duties relating to strategic marketing.  She was also told to pull back on her role as representative and liaison to the Small Business Network of the Americas, which involved assisting the Latino community, a known passion of Plaintiff's.  Nobody conferred with Plaintiff before removing these responsibilities and the removal of her responsibilities were apparent retaliation for her reports related to Mr. Downing.

21.

Plaintiff continued to suffer many forms of retaliation from Mr. Downing, including acts of physical intimidation, spiteful behavior, malicious false reports about Plaintiff's conduct, and removal of work duties.

22.

Mr. Gregory and HR knew about Plaintiff's complaints and did nothing to control Mr. Downing's behavior or to protect Plaintiff from the hostile and abusive work environment that Mr. Downing created.

23.

As a direct result of the continuous abuse and harassment she suffered, Plaintiff's physical and emotional health deteriorated to the point of debilitating anxiety and insomnia.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

24.

In or around February 2017, Plaintiff still had not received any official response to her

concerns about Mr. Downing carrying a gun or recording her and her co-workers.  In late

February or early March, she tried again to speak to Mr. Gregory about Mr. Downing's hostility

and the stress and anxiety his retaliation was causing her. Mr. Gregory was dismissive of her

complaints and her mental health concerns, telling her she "worries too much."

25.

On or around March 3, 2017, Plaintiff experienced acute anxiety at work, but felt

pressured to complete a project for Mr. Gregory.  After work, she went to an urgent care facility

and was referred to the emergency room, where she was diagnosed with work-related anxiety

and panic attacks.  Later in the month, her primary care physician confirmed this diagnosis.

26.

In or around mid-March 2017, Mr. Downing continued his retaliatory harassment of

Plaintiff, including by maliciously and falsely complaining about her legitimate remote work

activities to then-LCC President Mary Spilde.  Plaintiff had worked remotely on occasion for

many years without issue – an arrangement that was approved by Mr. Gregory

27.

Mr. Gregory continued to ignore Plaintiff's concerns or health needs.  Instead, he added

more stress to the work environment by demanding Plaintiff and her co-workers make changes in

long-established policies and procedures to accommodate *Mr. Downing's* performance

deficiencies.  In or around late March 2017, as conditions deteriorated, Plaintiff again reported to

Mr. Gregory that it was his responsibility under state law, and their union contract, to provide

herself and her co-workers a safe place to work.  Plaintiff also reported the retaliation she was

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

experiencing for raising these issues.  Mr. Gregory responding dismissively, again refusing to remedy the issues.

28.

Faced with continued inaction from HR and Mr. Gregory, Plaintiff and her co-workers began to informally engage the union in attempting to resolve the hostile workplace issues they were experiencing at the hands of Mr. Downing.

29.

In or around late March or early April 2017, Plaintiff was informed that HR denied receiving her complaints months earlier about Mr. Downing's unlawful possession of a gun on LCC campus. This was despite face-to-face conversations Plaintiff and her co-workers had with HR in November 2016, as well as email follow ups sent by Mr. Gregory to Dennis Carr, the head of HR, reiterating Plaintiff's concerns.  This denial further traumatized Plaintiff and made her fear for her safety.

30.

In or around mid-April 2017, Plaintiff's health continued to decline.  She experienced anxiety, nightmares, and stress-related vomiting.  At the recommendation of her health providers, she began exploring how to request accommodations, including taking a medical leave from work.

31.

On or around April 21, 2017, Mr. Gregory informed Plaintiff he had talked about the situation between she and Mr. Downing with then-LCC President Mary Spilde, and that President Spilde had recommended that Plaintiff needed to demonstrate *Plaintiff* could "be the professional" and "buck up."  In light of her many years of exemplary service, Plaintiff found

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

this response insulting and concerning.  She expressed her concern to HR that the severity of Mr. Downing's behavior was being downplayed, while the severity of her anxiety and health issues were being dismissed.

32.

In or around late April 2017, HR informed Plaintiff that Public Safety would contact her to discuss the situation involving Mr. Downing's concealed weapon.  Public Safety never contacted Plaintiff.

33.

On or around April 29, 2017, on the advice of her healthcare provider, Plaintiff requested a one-month medical leave from work with no contact from Mr. Downing, in the hopes that she would be able to get her health under control.  Plaintiff started her requested leave in early May.

34.

On or around May 18, 2017, the union filed a Step 3 grievance against LCC for its complete failure to resolve the hostile work environment.  The grievance was filed directly at Step 3 because of the number of employees involved and the severity of the issues.

35.

In or around early June 2017, aware that the situation had continued to escalate in her absence, Plaintiff submitted paperwork from her health provider releasing her to return to work with the conditions that the schedule be part time (.5-.7 FTE) and that she be able to work remotely to protect herself from the ongoing workplace hostility.

36.

After some discussion with HR and Mr. Gregory, Plaintiff was approved to return at a part time schedule with no contact with Mr. Downing.  Plaintiff, through her healthcare provider,

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

also requested a reasonable accommodation of working remotely, but LCC denied this request. Given Plaintiff's history of success working remotely over the years, allowing her to continue to do so would have been entirely reasonable and would not have caused LCC difficulty or expense.

37.

Almost immediately after the terms of Plaintiff's return to work were determined, Mr. Gregory began violating them, with demands for additional work beyond her part time schedule and demands that Plaintiff come into the office on days she was supposed to be off.  Plaintiff's days in the office had been careful chosen to reduce exposure to Mr. Downing, but Mr. Gregory ignored that goal, set by Plaintiff's healthcare provider.

38.

On or around June 22, 2017, the union informed Plaintiff that the grievance had been temporarily suspended.  As part of the agreement to suspend the grievance, LCC assigned Mr. Downing to work remotely from Chemeketa Community College, prohibited him from having any contact with the classified staff (including Plaintiff and her complaining co-workers), and directed all staff to report to Mr. Gregory instead.

39.

Despite Plaintiff's formalized accommodation plan and LCC's agreement in response to the grievance, Mr. Gregory continued to force Plaintiff to interact in person and via phone with Mr. Downing and otherwise violated the terms of the union agreement and the directives from Plaintiff's healthcare provider.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

40.

In or around late June or early July 2017, Plaintiff complained to Sandy Cutler, a former OSBDCN Director who had been hired by LCC to investigate the hostile workplace grievance, and to HR about Mr. Gregory's continued mishandling of the situation.  Plaintiff reported Mr. Gregory's increasing hostility toward her, his refusal to follow the agreement to avoid contact between her and Mr. Downing, his pattern of misstating communications they had and insisting she had agreed to things she hadn't, and his repeated dismissive comments about her health conditions.

41.

Upon information and belief, Mr. Gregory became aware of Plaintiff's complaints because after these complaints, the hostility and retaliatory treatment Plaintiff experienced from Mr. Gregory increased.

42.

On or around July 2, 2017, Plaintiff discovered that Mr. Gregory had left her personnel file open on his desk in his office, which was also used by other staff as a conference/meeting room.  This was a serious breach of Plaintiff's privacy, in violation of law, policy, and the union contract.  Plaintiff complained to HR about the incident, and HR directed Mr. Gregory to purchase a locking file cabinet.  He did so, but often left it unlocked.

43.

On or around July 5, 2017, LCC submitted a formalized response to the grievance, acknowledging the unhealthy working environment present in the department, that facilitation and/or team building was unlikely to be successful to resolve the issue, and that much work remained to be done to improve the working environment.  It assigned Mr. Downing to work

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

remotely indefinitely.  It also extended the agreement for no contact between Mr. Downing and the classified staff.

44.

Throughout July 2017, Mr. Gregory continued to share confidential information about Plaintiff and her co-workers with Mr. Downing, including comments they had made in what they understood to be "safe spaces" to discuss their concerns.  Plaintiff was especially concerned that Mr. Gregory appeared to be sharing her private medical information with Mr. Downing, as well as other colleagues.

45.

In or around early July 2017, Mr. Gregory added more stress to the work environment by demanding Plaintiff and her co-workers make changes in long-established policies and procedures to accommodate Mr. Downing's performance deficiencies.

46.

In or around mid-July 2017, Plaintiff renewed her request to work remotely with documentation from her medical provider.  LCC continued, without justification, to refuse her request for a reasonable accommodation.   In addition, although Mr. Downing had been assigned to work from Chemeketa Community College, it was apparent to Plaintiff and her coworkers from video and telephone calls that he in fact regularly worked from home; Mr. Downing was rewarded for his bad behavior with the precise accommodation LCC continued to refuse Plaintiff.

47.

 On or around July 24, 2017, Plaintiff again reported her concerns to LCC in writing about the intimidation and retaliation she was experiencing.  Plaintiff also reported Mr.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

Gregory's failure to remedy the situation, as well as his failure to comply with the terms of their accommodations agreement.

48.

In or around late July 2017, Mr. Gregory told Plaintiff her competence and reputation were being questioned because of her absence from the office on medical leave. Plaintiff felt as though he was trying to pressure her to end her leave, and was also concerned about the level of detail of medical information he was sharing with colleagues at LCC and at other business development centers.

49.

In or around August 2017, Mr. Gregory continued to violate the accommodations/leave agreement, demanding extra work from Plaintiff on short notice, including work covering for Mr. Downing. Plaintiff's mental and emotional health worsened. Mr. Downing continued to retaliate against Plaintiff, Mr. Gregory and LCC continued to do nothing to protect her. Plaintiff continued to suffer from mental, physical, and emotional distress related to Mr. Downing and Mr. Gregory.

50.

In early October 2017, Plaintiff received reports that Mr. Gregory was unlawfully disseminating information to Plaintiff's co-workers and colleagues from other colleges about her medical leave and medical condition. These co-workers and colleagues depended on Plaintiff's contract and budget expertise, and Mr. Gregory's disclosures could have or did undermine Plaintiff's reputation for excellence, reliability, and competence.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

51.

On or around October 8, 2017, Plaintiff requested full time medical leave due to her deteriorating health condition and the relentless hostile work environment.  She stopped working on or around October 10, 2017, and remains on leave, approved through December 8, 2018.

52.

Since her medical leave began, Plaintiff has continued to suffer emotional distress because of the action and inactions of Mr. Downing, Mr. Gregory, HR, and the leadership at LCC.

53.

In or around January 2018, Plaintiff discovered she had been wrongfully locked out of her work email account and had missed important health insurance deadlines due to that fact.

54.

In or around September 2018, Plaintiff began to initiate the return to work process.

## CAUSES OF ACTION

### First Claim for Relief
### Americans with Disability Act Title I – 42 U.S.C. § 12112

55.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

56.

Plaintiff was qualified for her position at LCC and had performed its essential functions successfully for over 17 years.  Due to the hostile work environment she experienced, she

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

developed and continues to suffer from severe anxiety, which constitutes a disability under the ADA.

57.

Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112 prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

58.

LCC violated 42 U.S.C. § 12112 by discriminating against Plaintiff because of her disability, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations.

59.

As a result of LCC's unlawful conduct, Plaintiff suffered lost wages and benefits of employment from on or around May 2, 2017, until the anticipated date of trial.

60.

As a further result of LCC's unlawful conduct, Plaintiff has suffered noneconomic damages in an amount to be determined by a jury based on the evidence presented at trial.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

61.

Plaintiff is entitled to reinstatement rights, but if reinstatement of Plaintiff is not feasible, Plaintiff is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

62.

Plaintiff is entitled to an order declaring LCC in violation of the statutory rights of Plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause LCC to stop its violations of law and disregard of the statutory and constitutional rights of employees.

63.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5(k).

**Second Claim for Relief**
**The Rehabilitation Act – 29 U.S.C. § 794**

64.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

65.

29 U.S.C. § 794 provides:

> "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…"

16 | Complaint

66.

At all material times, LCC and OSBDCN were recipients of federal financial assistance and therefore subject to the Rehabilitation Act, 29 U.S.C. § 794.

67.

LCC violated 29 U.S.C. § 794 by discriminating against Plaintiff because of her disability, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations.

68.

As a result of LCC's unlawful conduct, Plaintiff suffered lost wages and benefits of employment from on or around May 2, 2017, until the anticipated date of trial.

69.

As a further result of LCC's unlawful conduct, Plaintiff has suffered noneconomic damages in an amount to be determined by a jury based on the evidence presented at trial.

70.

Plaintiff is entitled to reinstatement rights, but if reinstatement of Plaintiff is not feasible, Plaintiff is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

71.

Plaintiff is entitled to an order declaring LCC in violation of the statutory rights of Plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

to cause LCC to stop its violations of law and disregard of the statutory and constitutional rights of employees.

73.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c) and 29 U.S.C. § 794a.

**Third Claim for Relief**
**Disability Retaliation – ORS 659A.109**

73.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

74.

Plaintiff applied for benefits or invoked or used the procedures provided for by Oregon's statues prohibiting discrimination against individuals with disabilities by notifying LCC of her disability and requesting accommodations for it.

75.

LCC violated ORS 659A.109 by discriminating and/or retaliating against Plaintiff for requesting accommodations for her disability and for otherwise applying for benefits or invoking the rights protected by law by taking adverse employment actions against Plaintiff, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

76.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial.

77.

As a direct and proximate result of LCC's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

78.

Defendant's conduct was wanton and willful and Plaintiff reserves the right to allege punitive damages.

79.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs and disbursements.

80.

Plaintiff also seeks equitable relief including reinstatement and an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

### Fourth Claim for Relief
### Disability Discrimination – ORS 659A.112

81.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

82.

Pursuant to ORS 659A.112, discrimination on the basis of a disability includes, but is not limited to the failure to "make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability" and the failure to provide "employment opportunities to a job applicant or employee who is a qualified individual with a disability."

83.

LCC violated ORS 659A.112 by discriminating against Plaintiff on the basis on her disability, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations.

84.

As a direct and proximate result of LCC's unlawful conduct, Plaintiff has suffered damages.

85.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

**Fifth Claim for Relief**
**Retaliation for Good Faith Complaint of Illegal Conduct – ORS 659A.199**

86.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

87.

Plaintiff engaged in various activity protected under ORS 659A.199, including making good faith complaints to LCC about actions she believed to be unlawful including, but not limited to, an individual carrying a gun on campus, the existence of a hostile work environment, invasion of privacy, and the disclosure of private medical information.

88.

LCC discriminated against Plaintiff in the terms and conditions of her employment, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations, in retaliation for Plaintiff opposing and reporting in good faith information that Plaintiff believed to be illegal conduct and/or evidence of violations of federal and/or state laws, rules, or regulations.

89.

As a direct and proximate result of LCC's unlawful conduct, Plaintiff has suffered damages.

90.

Plaintiff re-alleges damages, costs, and attorney fees as set forth in above.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

### Sixth Claim for Relief
### Unlawful Whistleblower Retaliation – ORS 659A.203

91.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

92.

ORS 659A.203(1) provides that it is an unlawful employment practice for a public employer to:

> (b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>> (A) A violation of any federal, state or local law, rule or regulation by the public or nonprofit employer;
>> (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public or nonprofit employer[.] . . .
> (d) Discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions described in this section.

93.

LCC violated ORS 659A.203(1) by discouraging, restraining, or otherwise interfering with Plaintiff's disclosures, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations, on the basis of her good faith reports of violations of law, rule, or regulation, mismanagement, abuse of authority, and dangers to public health and safety.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

94.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer damages as alleged below.

95.

Plaintiff re-alleges damages, costs, and attorney fees as set forth in above.

**<u>Seventh Claim for Relief</u>**
**Family Medical Leave Act – 29 U.S.C § 2615**

96.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

97.

Plaintiff suffered from severe anxiety, a serious health condition requiring ongoing care from health providers beginning in or around March 2017 and continuing to this day.

98.

The Family Medical Leave Act, 29 U.S.C. § 2615, provides that employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" or "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the Act.

99.

LCC violated 29 U.S.C.§ 2615 by interfering with Plaintiff's leave and discriminating against her for requesting leave, including by creating or intentionally maintaining hostile and intolerable working conditions, violating the terms of her medical restrictions, sharing Plaintiff's

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

private medical information with her harasser and other colleagues, and threatening her

reputation for competence.

100.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will

continue to suffer damages as alleged below.

101.

Plaintiff re-alleges damages, costs, and attorney fees as set forth in above. She is also

entitled to attorney fees pursuant to 29 U.S.C. § 2617.

**<u>Eighth Claim for Relief</u>**
**Oregon Family Leave Act Discrimination – ORS 659A.183**

102.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the

prior paragraphs of this complaint.

103.

Plaintiff invoked the Oregon Family Leave Act by notifying LCC about her serious

health condition and requesting leave related to that condition.

104.

LCC violated ORS 659A.183 by interfering with, discriminating and/or retaliating

against Plaintiff for requesting and taking protected medical leave, including by creating or

intentionally maintaining hostile and intolerable working conditions, violating the terms of her

medical restrictions, sharing Plaintiff's private medical information with her harasser and other

colleagues, and threatening her reputation for competence.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

105.

As a direct and proximate result of LCC's unlawful conduct, Plaintiff has suffered damages.

106.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

**Ninth Claim for Relief**
**Retaliation – ORS 659A.030(1)(f)**

107.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

108.

LCC violated ORS 659A.030(1)(f) by discriminating against Plaintiff, including by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations, because she opposed unlawful practices.

109.

As a direct and proximate result of LCC's unlawful conduct, Plaintiff has suffered damages.

110.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

**Tenth Claim for Relief**
**Speech Clause of the First Amendment – 42 U.S.C. § 1983**

111.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

112.

Plaintiff made disclosures as a citizen on a matter of public concern, including reporting an individual's unlawful possession of a gun on campus.

113.

Defendants deprived Plaintiff of her First Amendment rights to freedom of speech by denying Plaintiff desired assignments, requiring Plaintiff to step down from various assignments and responsibilities, creating or intentionally maintaining hostile and intolerable working conditions, sharing Plaintiff's private medical information with her harasser and other colleagues, refusing to make reasonable accommodations to allow Plaintiff to continue working, and refusing to honor the terms of the agreed-to accommodations, in retaliation for disclosure of matters of public concern.

114.

Defendant LCC is liable for the deprivation of Plaintiff's rights because persons in policy-making positions ratified the unlawful conduct and the basis of it.  Mr. Gregory participated in the constitutional violations alleged, directed the violation, and or knew about the violations and failed to stop them.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

115.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above and is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §§ 1988(b)-(c).

**Eleventh Claim for Relief**
**Deprivation of Right to Due Process – 42 U.S.C. § 1983**

116.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

117.

Defendants deprived Plaintiff of her protected property interest in continued employment by creating or intentionally maintaining hostile working conditions so intolerable that she was forced to exhaust her paid leave options and ultimately go on indefinite unpaid leave, cutting off or reducing her ability to continue to earn additional PERS benefits.

118.

Defendants deprived Plaintiff of her protected liberty interest in a reputation as a competent, skilled professional in her field by disclosing her mental health conditions to colleagues and otherwise publicizing stigmatizing information about her current health condition as it related to her competence and professionalism. These disclosures were made in connection with her beginning an unpaid medical leave, limiting her ability to address the stigma created.

119.

Defendant LCC is liable for the deprivation of Plaintiff's rights because persons in policy-making positions ratified the unlawful conduct and the basis of it.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

120.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above and is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §§ 1988(b)-(c).

## Twelfth Claim for Relief
### Invasion of Privacy – Public Disclosure of Private Facts

121.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

122.

Defendants caused private facts about Plaintiff, included related to her mental health conditions, to be disclosed to large numbers of co-workers and colleagues. The publication was unnecessary and beyond what was appropriate in the course of LCC business, and took the highly objectionable form of comments about Plaintiff's competence and professionalism.

123.

The public disclosure of private facts about Plaintiff caused her significant emotional distress and reputational harm.

124.

Plaintiff re-alleges damages, injunctive relief, costs and attorneys' fees as set forth above.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following judgments and relief from Defendants according to proof:

1. Economic damages;

2. Non-economic damages;

3. Reasonable costs and attorney's fees per statute;

4. Equitable relief including a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

5. For prejudgment and post-judgment interest as appropriate and allowed by law;

6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7. Upon motion, punitive damages, as alleged; and

8. All such other relief as this Court may deem proper.


Date: September 25, 2018.

/s/ Christina Stephenson
Christina Stephenson, OSB No. 102287
Stephenson Law, LLC
christina@stephensonlawpdx.com

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201